UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                           Chapter 7
                                                                                  Case No.: 12-44264-jf
EDWARD TKACH

              Debtor.
------------------------------------------------------------------------x
EDA LOGISTICS CORP., and
3 BEE CORP.,

              Plaintiffs,                                Adv Proc. No. 12-01272-jf

     - against-

EDWARD TKACH,
              Defendant.
------------------------------------------------------------------------x

## NOTICE OF MOTION
## FOR JUDGMENT ON THE PLEADINGS AND STAY OF DISCOVERY

PLEASE TAKE NOTICE THAT, upon the attached Memorandum of Law in Support of

Defendant's Motion for Judgment on the Pleadings and a Stay of Discovery and accompanying

exhibits, and all other papers and proceedings herein, Defendant EDWARD TKACH will move

this Court, before Honorable Jerome Feller, United States Bankruptcy Judge of the Eastern District

of New York, on April 16, 2013 at 10:00 a.m. or as soon thereafter as counsel may be here, for an

Order, (1) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") and made

applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("FRBP"), granting

judgment on the pleadings and (2) pursuant to Rule 26(c) of the FRCP, made applicable herein by

Rule 7026 of the FRBP, staying all discovery pending the determination of this motion.  The basis

for this motion is set forth in the accompanying memorandum of law.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the

Court and served via Overnight delivery on Daniel Gershburg, Esq., P.C., 100 Church Street, 8th

Floor, New York, New York 10007, to the attention of Daniel Gershburg, Esq., no later than seven days prior to the return date set forth above.  Any responsive papers shall identify the party on whose behalf the papers are submitted, the nature of the response and the legal and factual basis for the response.

Dated: New York, New York
        April 1, 2013

                                    Respectfully submitted,

                                    _____/s/_____
                                    **By: DANIEL GERSHBURG**
                                    DANIEL GERSHBURG ESQ., P.C.
                                    *Attorneys for Defendant*
                                    100 Church Street, 8th Floor
                                    New York, New York 10007
                                    (212) 390-8866

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                    Chapter 7
                                                          Case No.: 12-44264-jf

EDWARD TKACH

            Debtor.

------------------------------------------------------------------------x

EDA LOGISTICS CORP., and
3 BEE CORP.,

                    Plaintiffs,                           Adv Proc. No. 12-01272-jf

        - against-

EDWARD TKACH,
                    Defendant.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND STAY OF DISCOVERY**

        Defendant EDWARD TKACH ("Defendant"), by his attorneys, DANIEL GERSHBURG

ESQ., P.C., does hereby move this Court for an order, (1) pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure ("FRCP") and made applicable herein by Rule 7012 of the Federal Rules

of Bankruptcy Procedure ("FRBP"), granting judgment on the pleadings and (2) pursuant to Rule

26(c) of the FRCP, made applicable herein by Rule 7026 of the FRBP, staying all discovery

pending the determination of this motion.  In support of the Motion, Defendant represents and

alleges as follows:

**PRELIMINARY STATEMENT**

        EDA LOGISTICS CORP. and 3 BEE CORP. ("Plaintiffs") initiated this adversarial

proceeding to seeking the non-dischargeability of debts allegedly owed to them pursuant to 11

U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4). Defendant is entitled to judgment on the

pleadings as a matter of law because Plaintiffs have failed to maintain their claims under Rules

9(b) and 12 of the FRCP, made applicable here by Rules 7009 and 7012 of the FRBP, respectively. First, Plaintiffs' § 523(a)(2)(A) claim fails, as a matter of law, because it does not state a cause of action for fraud and lacks the particularity required when pleading same. The Complaint lacks any allegation of any false statement or representation made by Defendant, nor allegations of intent to deceive by Defendant, nor any justifiable reliance by the Plaintiffs. Second, like their first claim, Plaintiffs' § 523(a)(4) claim also fails because fraud is not adequately pleaded, nor do they allege the existence of a fiduciary relationship. Third, Plaintiffs' fail to state a claim for an accounting, because, like the § 523(a)(4) claim, they do not allege a fiduciary relationship. Finally, a stay of discovery, pursuant to Rule 26(c) of the FRCP, should be granted because the determination of the motion could dispose of the entire action, the stay would be short-lived, and Plaintiffs will not be prejudiced thereby.

## STATEMENT OF FACTS – PROCEDURAL HISTORY

As this is a motion for judgment on the pleadings, pursuant to Rule 12(c), the relevant facts are contained in Plaintiffs' Complaint filed on September 10, 2012 [Docket #1]. By Answer filed on October 22, 2012 [Docket #8], issue was joined by Defendant.

By Consent Scheduling and Pre-Trial Order entered on December 27, 2012 (a copy of which is annexed hereto as Exhibit A), the Court directed the parties to adhere to several disclosure dates, including deadlines for depositions and the request and production of documents. According to that order, discovery is to be completed by April 12, 2013.

By Plaintiff's First Requests for Production of Documents dated February 14, 2013 (a copy of which is annexed hereto as Exhibit B), plaintiffs seek production of, inter alia, all bank statements, invoices, deposits and other business records of B&B International Connections, Inc., a now-defunct entity in which Defendant formerly conducted business. By Defendant's First

Requests for Production of Documents dated February 15, 2013, Defendant also served document requests.

<u>**ARGUMENT**</u>

I.    **PLAINTIFFS' § 523(a)(2)(A) CLAIM FAILS TO STATE A CAUSE OF ACTION FOR FRAUD THUS DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS**

    A.    **Legal Standard**

Rule 12(c) of the FRCP provides: "(c) Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for judgment on the pleadings under Rule 12(c) is the same as under a Rule 12(b)(6) for dismissal for failure to state a claim on which relief can be granted. <u>Livant v. Clifton</u>, 272 Fed. Appx. 113, 115 (2d Cir. 2008) (citing <u>Desiano v. Warner-Lambert & Co.</u>, 467 F.3d 85, 89 (2d Cir. 2006)).  In both instances, the Court must decide whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u>; <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  While the Court must draw inferences in favor of the non-movant, is not required to accept as true, legal conclusions that are perpetrating as factual statements. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual assumptions.").

In order to state a claim for fraud under 11 U.S.C. § 523(a)(2)(A), a creditor must posit factual allegations under one of three theories: (1) actual fraud, (2) false pretenses or (3) false representation. 11 U.S.C. § 523(a)(2)(A) (a individual debtor is not discharged from "debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."); <u>see</u> <u>In re Ippolito</u>, 2013 WL

828316, *4 (Bankr. E.D.N.Y. 2013). "The elements of actual fraud under [the] Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance, and harm." Evans v. Ottimo, 469 F.3d 278, 283 (2d Cir. 2006) (citing Restatement (Second) of Torts § 525). Thus to plead actual fraud a plaintiff must allege the following: (1) a material, false representation by the debtor (2) made with knowledge of its falsity (3) with an intent to deceive, (4) justifiable reliance by the creditor, and (5) that the creditor was damaged as a result of the reliance. Id. at 283; see In re Ippolito, 2013 WL 828316 at *5; In re Olwan, 312 B.R. 476, 482 (Bankr. E.D.N.Y. 2004); In re Schulman, 196 B.R. 688 (Bankr. S.D.N.Y. 1996).

The elements for false pretenses are: "(1) the [defendant] made an omission or implied misrepresentation; (2) promoted knowingly and willingly by the defendant[]; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff[]; (4) which wrongfully induced the plaintiff[] to advance money, property, or credit to the defendant." In re Khafaga, 419 B.R. 539, 546 (Bankr. E.D.N.Y. 2009). The elements for false representation under § 523(a)(2)(A) are: (1) the debtor made an express misrepresentation or false statement (2) with intent to deceive (3) so that the creditor would turn over money or property to the debtor. See In re Ippolitto at *5; In re Janac, 407 B.R. 540, 552 (Bankr. S.D.N.Y. 2009). Moreover, the false representation and intent to deceive must be contemporaneous when pleading fraud. See, e.g., In re Nappy, 269 B.R. 277, 299 (Bankr. E.D.N.Y. 1999) ("The debtor's fraudulent intent must operate at the time of the omission or misrepresentation for the indebtedness to be excepted from discharge").

Further, Rule 9(b) of the FRCP, made applicable herein by Rule 7009 of the FRBP, elevates the pleading requirements for fraud. Rule 9(b) states in pertinent part: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." Fed.R.Civ.P. 9(b).  Courts in this circuit interpret Rule 9(b) to require the plaintiff to (1) specify what statements that the plaintiff alleges were fraudulent, (2) state who the speaker was, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. See In re Rand, 144 B.R. 253, 258 (Bankr. S.D.N.Y. 1992).  If any of the above elements are absent from the complaint, the plaintiff fails to state a claim as a matter of law and judgment should be entered in favor of the defendant, pursuant to Rule 12(c).

**B.      The Complaint Fails to Plead All Elements of a Fraud Claim**

Common to all three theories of fraud pursuant to § 523(a)(2)(A) is that: a creditor must allege a false statement (either express or implied) was made, the debtor made such statement with the intent to deceive, and that statement caused the creditor to give the debtor money or property.  Here, as Plaintiffs fail to plead these requisite elements for fraud, their complaint fails to state a claim for which relief can be granted under actual fraud, false pretense or false representation.  Thus, Defendant is entitled to judgment on the pleadings.

The Complaint lacks any allegation of any false statement or representation made by Defendant.  In fact, nowhere in the Complaint do Plaintiffs allege that Defendant made any statement or representation to Plaintiffs.  As this essential element—that the plaintiff specify and state what the false statement was—is lacking, the Complaint fails to state a claim for which relief may be granted and fails to satisfy the heightened pleading requirement under Rule 9(b).  As a consequence, the Complaint also fails to allege that Defendant knew he was making a false representation.

The Complaint also fails to allege intent to deceive by Defendant that is contemporaneous with a false representation.  Plaintiffs do allege that, "the defendant had a specific intent to defraud plaintiffs by misappropriating monies without intending to reply the

same." (Complaint at ¶ 29).  Plaintiffs further allege that "Defendant's actions . . . amount to actual fraud." (Complaint at ¶ 30).  However, their characterization of "intent" does not relate to a representation made by the Defendant, as required when pleading fraud.  See In re Marcou, 209 B.R. 287, 292 n.7 (Bankr. E.D.N.Y. 1997)  ("[T]he mere fact that proof of a defendant's intent to deceive may be inferred from the surrounding circumstances does not relieve a plaintiff from pleading the same when it is a required element of the asserted cause of action.").  Moreover, the misappropriation alleged would have occurred after the Defendant supposedly obtained money from Plaintiffs, rather than contemporaneous with the false representation (which is also absent here).  See In re Nappy, 269 B.R. at 299.   The statement that Defendant's "action" of "misappropriating monies" is a baseless, legal conclusion, not a factual assertion, thus the Court need not accept it as true.  See, e.g., Iqbal, 556 U.S. 662.  Plaintiffs likewise fail to support this conclusion with any factual allegation (see Complaint at ¶ 22 stating, "EDA discovered that B&B had misappropriated monies that were due to EDA under the JVA.").  Absent an allegation of any representation made by Defendant, Plaintiffs are incapable of proving fraud.  As the Complaint does not include any factual allegation of any intent to deceive by Defendant, the Plaintiffs have failed to allege this element of fraud and the Complaint should be dismissed.

The Complaint further fails to allege any justifiable reliance by the Plaintiffs that caused them to lend money to Defendant.  Again, the Complaint is completely silent as to any reliance by the Plaintiffs on Defendant's representation.   Thus, by failing to allege reliance, Plaintiffs likewise cannot meet Rule 9(b)'s particularity requirement to plead an explanation of why the statements were fraudulent.

As Plaintiffs have failed to plead any allegation of any false statement or representation made by Defendant, nor allegations of intent to deceive by Defendant, nor any justifiable

reliance by Plaintiffs, they have failed to state a claim for which relief may be granted and failed to plead fraud with the requisite particularity.  Therefore, as to Plaintiffs' § 523(a)(2)(A) claim, Defendant is entitled to judgment on the pleadings as a matter of law.

## II.    PLAINTIFFS' § 523(a)(4) CLAIM FAILS TO STATE A CAUSE OF ACTION FOR FRAUD IN A FIDUCIARY CAPACITY THUS DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS

### A.    Legal Standard

In order to state a claim under 11 U.S.C. § 523(a)(4), a creditor must allege (1) the existence of a fiduciary duty and (2) fraud or defalcation while acting in said capacity. 11 U.S.C. § 523(a)(4) ("a individual debtor is not discharged from "debt . . . for fraud or defalcation while acting in a fiduciary capacity. . . ."). Under federal law, "fiduciary" is given a far narrower construct than under state law.  In re Zoldan, 291 B.R. 79, 84 (Bankr. S.D.N.Y. 1998).  "In the context of a challenge to dischargeability, the term 'fiduciary' applies only to 'express or technical trusts and does not extend to implied trusts, which are imposed by operation of law as a matter of equity'." In re Spar, 176 B.R. 321, 329 (Bankr. S.D.N.Y. 1994); see also Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934).  Also, the trust relationship must exist before the alleged debt is created. See Davis, 293 at 333  ("[Debtor] must have been a trustee before the wrong and without reference thereto."); In re Spar, 176 B.R. at 329.  Furthermore, Rule 9(b)'s heightened pleading requirements for fraud likewise apply to the second element of a § 523(a)(4) claim. See In re Ippolito at *7.

### B.    The Complaint Fails to Plead Existence of Fiduciary Duty or Fraud

Here, Plaintiffs fail to allege the existence of a fiduciary duty and, as stated above, have failed to plead fraud, thus Defendant is entitled to judgment on the pleadings.  Plaintiffs lone statement, "[b]y defendant's actions, defendant has breached his fiduciary obligations to the

plaintiffs under the JVA" (Complaint at ¶ 36), fails to identify the existence of an express trust that would give rise to a fiduciary relationship. Plaintiffs fail to specify what terms of the joint venture agreement serve to give rise to the trust relationship. As the Complaint is silent on this issue, Plaintiffs have not alleged, and are incapable of pleading, that Defendant was acting in a fiduciary capacity <u>when</u> the alleged fraud took place. Finally, even if the Court interpreted from Plaintiffs' scant statement that Defendant was acting in a fiduciary capacity, Plaintiffs allege neither the required elements of fraud nor have done so with the specificity required by Rule 9(b).

Therefore, as to Plaintiffs' § 523(a)(4) claim, Defendant is entitled to judgment on the pleadings as a matter of law.

## III. PLAINTIFFS' ACCOUNTING CLAIM ALSO FAILS BECAUSE, LIKE THE § 523(a)(4) CLAIM, THEY HAVE FAILED TO STATE A CLAIM BASED UPON THE EXISTENCE OF A FIDUCIARY RELATIONSHIP

Plaintiffs fail to allege a claim for accounting. "Under New York law, the elements of a claim for an equitable action for an accounting are: (1) a relationship of a fiduciary or confidential nature; (2) money or property entrusted to the defendant imposing upon him the burden of accounting; (3) the absence of an adequate legal remedy; and (4), in some cases, a demand for an accounting and a refusal." <u>Nasso v. Bio Ref. Laboratories, Inc.</u>, 892 F. Supp. 2d 439, 2012 WL 4336429 (E.D.N.Y. 2012). Failure to demonstrate the existence of a fiduciary or confidential relationship is fatal to an accounting cause of action. <u>Id.</u>; <u>see</u> <u>Bloom v. Rock</u>, 2010 WL 2267468 (S.D.N.Y. 2010).

Here, as stated above, Plaintiffs fail to allege the existence of a fiduciary relationship. The Complaint is also silent as to what money or property was given to the Defendant that would give rise to a responsibility for an accounting. Plaintiffs allege that "Defendant has failed and

refused to do so and has never rendered an account for said approximately $726,786.28 received. . . .” (Complaint at ¶ 39). However, nowhere in the Complaint do Plaintiffs state that the allege money was entrusted to Defendant by or for the benefit of Plaintiffs, or that said sum of money was subject to an accounting by Defendant. Simply put, the Plaintiffs never allege that they gave Defendant money under the joint venture agreement but instead expect the Court to infer that Plaintiffs did so. Unfortunately, this falls short of the pleading requirements for an accounting.

Thus, as Plaintiffs have failed to state a claim for an accounting, this Court should grant Defendant judgment on the pleadings as a matter of law.

## IV.    THE COURT SHOULD STAY DISCOVERY PENDING THE DETERMINATION OF THIS MOTION BECAUSE GOOD CAUSE EXISTS

Pursuant to Rule 26(c) of the FRCP, the Court may stay discovery upon a showing of “good cause.” Fed.R.Civ.P. 26(c). “Good cause may be shown where a party has filed a dispositive motion, the stay is a short period of time and the opposing party will not prejudiced by the stay.” Spencer Trask Software & Info. Servcs., LLC et al. v. Rpost Int’l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Because a stay of discovery is not automatic pending the determination of a dispositive motion, courts also look to other factors to decide whether the stay should be granted: (1) the breadth of discovery sought, (2) the burden of responding to it, and (3) the strength of the dispositive motion. See id. (citing cases). Further, “[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.” Spencer Trask, 206 F.R.D. at 368 (citing Rivera v. Heyman, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).

Here, proceeding with discovery at this point would be costly and unduly burdensome. Plaintiffs’ document requests seek production of, inter alia, decades’ worth of bank account statements, invoices, purchase orders, bills of lading, etc. of a now defunct entity. (See Exhibit

B).  Until he filed for bankruptcy, Defendant was in business for over twenty years.  In order for Defendant to respond to such expansive requests, he would have to request and review years of bank statements from each institution's archives and employ help to review dozens of boxes of records.  Such a review could take weeks and cost Defendant thousands of dollars.

Furthermore, as detailed above, Defendant's motion for judgment on the pleadings could potentially dispose of all Plaintiffs' claims, such that a stay of discovery would not prejudice Plaintiffs.  The Complaint fails, as a matter of law, because it does not state a cause of action for fraud, lacks the particularity required when pleading fraud, does not establish the existence of a fiduciary relationship between Defendant and Plaintiffs, and does not allege that Defendant had any duty that would give rise to an accounting claim.  Thus, continuing with discovery, when Plaintiffs have failed to sufficiently plead claims that would entitle them to same, "would unnecessarily drain the parties' resources."  See Spencer Trask, 206 F.R.D. at 368.

As Plaintiffs' discovery requests are burdensome and costly, and as Defendant has shown that his motion would likely dispose of all of their claims, good cause exists to stay discovery pending determination of the motion for judgment on the pleadings.

**WHEREFORE**, Defendant respectfully request that the Court enter an Order (1) granting judgment on the pleadings dismissing all claims contained in the Complaint, together with attorney's fees, costs and disbursements of this action, (2) staying discovery pending the determination of this motion and (3) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 1, 2013

_____/s/_____

**By: DANIEL GERSHBURG**
DANIEL GERSHBURG ESQ., P.C.
*Attorneys for Defendant*
100 Church Street, 8th Floor
New York, New York 10007
(212) 390-8866
